**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2032
_____

DEBORAH LEE ROSEBORO,
Appellant

v.

THE EXECUTIVE OFFICE OF THE UNITED STATES DEPARTMENT OF
JUSTICE; THE UNITED STATES TRUSTEE'S OFFICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-05418)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed July 15, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Deborah Lee Roseboro, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm the District Court's judgment.

Roseboro, who is a Black woman, filed a complaint against two of her former supervisors at the United States Trustee's Office in Philadelphia, Andrew R. Vara and Frederic J. Baker, alleging race-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17. Her complaint form indicated that the discriminatory conduct included termination, a failure to promote her, and retaliation. The District Court permitted Roseboro to proceed IFP and subsequently dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), noting that federal employees can only bring Title VII allegations against the "head of the department, agency, or unit, *see* 42 U.S.C. § 2000e-16(c)[,]" and Roseboro failed to do so. *See* ECF 6 at 4.

The court granted Roseboro leave to amend within 30 days, and she subsequently filed an amended complaint against the Executive Office of the United States Department of Justice and the United States Trustee's Office. The District Court again dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), explaining that Roseboro had failed to name a proper defendant and that her allegations were insufficient to state plausible claims of racial discrimination and retaliation under Title VII. She was also advised that she must "articulate [her factual allegations] in narrative form" and that she could not rely on exhibits to state her claims. ECF 11 at 7.

Roseboro was again provided leave to amend, and she filed a second amended complaint against the Executive Office of the Department of Justice and the United States Trustee's Office. The District Court determined that the second amended complaint failed to cure the deficiencies of the first two and dismissed the case with prejudice. Roseboro timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's order dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court dismissed Roseboro's complaint because she had again failed to name a proper defendant. *See Williams v. Army & Air Force Exch. Serv.*, 830 F.2d 27, 29 (3d Cir. 1987) (quoting 42 U.S.C. § 2000e-16(c) (providing that federal employees must bring Title VII claims against "the head of the department, agency, or unit")). The court also concluded that Roseboro had failed to state a claim for employment discrimination or retaliation under Title VII. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016) (explaining that, to state a discrimination claim under Title VII, a plaintiff must allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence that [her] protected status . . . played either a motivating or determinative factor" in the employer's adverse employment action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Roseboro agrees with the District Court's disposition of her claims. Indeed, her informal appellate brief states that the District Court neither incorrectly decided the facts

3

nor applied the wrong law. She states that the District Court gave her "three attempts to comply with procedural rules," and asks this Court to remand her case for yet another chance "due to [her] pro se status." C.A. Doc. 6 at 1.

Though we liberally construe pro se filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), "federal courts treat pro se litigants the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Further, the "District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam). Here, the District Court's first two memorandum dismissal orders explained how Roseboro could properly plead her claims under the relevant standards. *See* ECF 6 & 11. Therefore, it was not an abuse of discretion to determine that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (holding that a district court did not abuse its discretion when it denied leave to amend after providing two opportunities for amendment).

Accordingly, we will affirm the District Court's judgment.